Commonwealth *v.* Lowary, Appellant.

Argued September 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*John R. Merrick*, Public Defender, for appellant.

*F. Ned Hand*, Assistant District Attorney, with him *Elliott D. Goldberg*, for Commonwealth, appellee.

OPINION PER CURIAM, November 21, 1973:
The six judges who heard this appeal being equally divided, the Judgment of sentence is affirmed.

Opinion by Spaeth, J., In Support of Reversal:

Appellant was convicted of pointing a firearm in violation of the Act of June 24, 1939, P. L. 872, §716, 18 P.S. §4716 (now repealed by Act of December 6, 1972, P. L. 1482, No. 334, §5, and not recodified), which provides: "Whoever playfully or wantonly points or discharges a gun, pistol, or other firearm at any other person, is guilty of a misdemeanor. . . ." What appellant pointed was a spring-activated hand gun that shoots small steel balls, commonly called B-B's.

It may be granted that a B-B gun is a "gun", and may be (and in the present case was) a "pistol", but that is beside the point. The statute proscribes pointing "a gun, pistol, or other firearm. . . ." Accordingly, it is not a crime to point a B-B gun unless it is a "firearm". This is so as a matter of grammar; "other" modifies "gun" and "pistol". It is also so as a matter of legal precedent, as may be seen from *Bell Telephone Co. v. Public Service Comm.*, 119 Pa. Superior Ct. 292, 181 A. 73 (1935). There, the statute required approval of a "transaction involv[ing] . . . the assumption of any obligation or liability whether as guarantor, endorsor or otherwise. . . ." Citing "the general rule that words of a general import are limited by words of restricted import immediately following and relating to the same subject: 59 C.J. 980", *id.* at 297, 181 A. at 75, this court held that "by the use of the language, 'whether as guarantor, endorsor, or otherwise,' the Legislature modified and restricted the import of the word 'assumption', to transactions of secondary liability." *Id.* So here: By the use of words of "restricted import", *i.e.*, "or other firearm", the Legislature "modified and restricted the import" of the preceding words of "general import",*i.e.*, "gun, pistol".

The question, therefore, is not whether appellant pointed a B-B gun that was a "gun" or "pistol" but

whether he pointed a B-B gun that was a "firearm", and the answer is that he did not, because a B-B gun is not, and cannot be a "firearm". The statute does not define "firearm"* When a statute does not define a word, the word is to be understood according to its "common and approved usage". 1 Pa. S. §1903(a). The common and approved usage of "firearm" is "a weapon from which a shot is discharged by gunpowder." Webster's Third International Dictionary 854 (1961). Furthermore, the Legislature has explicitly recognized that a B-B gun is not a firearm. The Act of July 10, 1957, P. L. 697, 18 P.S. §3841 *et seq.*, now 18 Pa. S. §6304, pertains to the sale and use of "air rifles". Section 1 of the act provides that "[a]s used in this act—(1) 'Air rifles' mean and include any air gun, air pistol, spring gun, spring pistol, B-B gun, or any implement that is not a firearm, which impels a bullet of any kind with a force that can reasonably be expected to cause bodily harm."

The conviction should be reversed.

HOFFMAN and CERCONE, JJ., join in this opinion in support of reversal.

---

* *Cf.* the Uniform Firearms Act, Act of June 24, 1939, P. L. 872, §628, 18 P.S. §4628, now 18 Pa. S. §6102, which does define "firearm", doing so in such a way as to include only weapons of a certain size ("Any pistol or revolver with a barrel less than 12 inches, any shotgun with a barrel less than 24 inches, or any rifle with a barrel less than 15 inches"). *And see Commonwealth v. Ambrose,* 225 Pa. Superior Ct. 393, 312 A. 2d 440 (1973).