345 A.2d 170
**COMMONWEALTH of Pennsylvania**
v.
**James W. LOWARY, Jr., Appellant.**
Supreme Court of Pennsylvania.
Argued Dec. 5, 1974.
Decided Oct. 3, 1975.

John R. Merrick, Public Defender, West Chester, for appellant.

Timothy H. Knauer, Asst. Dist. Atty., William H. Lamb, Dist. Atty., F. Ned Hand, Asst. Dist. Atty., West Chester, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

MANDERINO, Justice.

The only issue involved in this appeal is whether a spring-activated hand gun which shoots small steel pellets (commonly called B-B-s), is a "firearm" within the meaning of Section 716 of the Penal Code, Act of June 24, 1939, P.L. 872, 18 P.S. § 4716. The statute proscribes the pointing of "a gun, pistol or *other firearm* at any other person." (Emphasis added.)

The Superior Court, being equally divided, affirmed appellant's conviction for violation of Section 716. *Commonwealth v. Lowary*, 226 Pa.Super. 115, 313 A.2d 317 (1973). Judge Spaeth wrote an opinion in support of reversal which was joined by Judge Hoffman and Judge Cercone. In his opinion Judge Spaeth said:

"It may be granted that a B–B gun is a 'gun', and may be (and in the present case was) a 'pistol', but that is beside the point. The statute proscribes pointing 'a

gun, pistol, or other firearm . . . .' Accordingly, it is not a crime to point a B–B gun unless it is a 'firearm'. This is so as a matter of grammar; 'other' modifies 'gun' and 'pistol'. It is also so as a matter of legal precedent, as may be seen from *Bell Telephone Co. v. Public Service Comm.*, 119 Pa.Super. 292, 181 A. 73 (1935). There, the statute required approval of a 'transaction involv[ing] . . . the assumption of any obligation or liability, whether as guarantor, endorser, or otherwise . . . .' Citing 'the general rule, that words of a general import are limited by words of restricted import immediately following and relating to the same subject, 59 C.J. 980', *id.* at 297, 181 A. at 75, this court held that 'by the use of the language, "whether as guarantor, endorser, or otherwise," the Legislature modified and restricted the import of the word "assumption," to transactions of secondary liability.' *Id.* So here: By the use of words of 'restricted import', *i. e.*, 'or other firearm', the legislature 'modified and restricted the import' of the preceding words of 'general import', *i. e.*, 'gun, pistol'.

"The question, therefore, is not whether appellant pointed a B–B gun that was a 'gun' or 'pistol' but whether he pointed a B–B gun that was a 'firearm', and the answer is that he did not, because a B–B gun is not, and cannot be, a 'firearm'. The statute does not define 'firearm'. (Footnote omitted.) When a statute does not define a word, the word is to be understood according to its 'common and approved usage'. 1 Pa. S. § 1903 (a). The common and approved usage of 'firearm' is 'a weapon from which a shot is discharged by gunpowder.' Webster's Third International Dictionary 854 (1961)."

*Commonwealth v. Lowary*, 226 Pa.Super. 115, 116–17, 313 A.2d 317, 318 (1973) (Spaeth, J., in support of reversal).

We agree with the above portion of Judge Spaeth's opinion. We know, however, that the definition of firearm may not be necessarily limited to those weapons from which a shot is dispersed by gunpowder alone. Weapons using some propellant other than gunpowder might also be properly classified as a firearm. Those activated by mechanical means such as springs, however, are not firearms within the statute.

Judgment of sentence reversed.

JONES, C. J., and POMEROY and NIX, JJ., concur in the result.