Kevin W. KINNISH, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2799.

Court of Appeals of Alaska.

Aug. 4, 1989.

Allan Beiswenger, Soldotna, for appellant.

James L. Hanley, Dist. Atty., Kenai, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

Magistrate George Peck convicted Kevin W. Kinnish of misconduct involving weapons in the second degree (possession of a firearm while intoxicated). AS 11.61.-210(a)(1). On appeal, Kinnish challenges his conviction on the ground that his possession of a pellet pistol did not constitute a violation of the statute because a pellet pistol is not a firearm as the term is used in the statute. We reverse.

On June 17, 1988, Seward Police Officers Richard and Knudson saw Kinnish in an intoxicated state with a pellet pistol at the Seward Duck Pond. The police found pellets for the weapon on Kinnish. A breath alcohol test showed that Kinnish had a .140 blood alcohol level. Kinnish's arrest for misconduct involving weapons in the second degree followed.[1]

At trial, the parties stipulated that Kinnish was under the influence of alcohol at the time he possessed the pellet pistol. Kinnish argued, as his sole defense to the charge, that a pellet pistol does not constitute a firearm within the meaning of AS 11.61.210(a)(1)

Seward Police Officer Dane Amos testified for the state about the results of tests he performed to determine the firing capabilities of the pellet pistol. According to the officer, when pumped ten times, the pellet pistol shot a pellet through a 178–page magazine. With twenty pumps, the pellet pistol fired a pellet two inches into an Anchorage telephone book. With ten

---

**1.** Kinnish was also charged with cruelty to animals, AS 11.61.140(a)(1), for shooting at ducks in the pond, but the state dismissed this charge.

pumps, and from eight feet away, the pellet pistol fired a pellet which shattered a beer bottle.

On October 28, 1988, Magistrate Peck entered a written decision in which he found Kinnish guilty as charged. Based on Amos' testimony, Peck concluded that the pellet pistol was capable of causing death or serious injury and qualified as a firearm. Kinnish appeals from this ruling.

Kinnish was convicted of AS 11.61.-210(a)(1), which provides:

(a) A person commits the crime of misconduct involving weapons in the second degree if the person

(1) possesses on the person a firearm while under the influence of an intoxicating liquor or drug[.]

Alaska Statute 11.81.900(b)(21) defines "firearm" as follows:

"Firearm" means a weapon, including a pistol, revolver, rifle, or shotgun, whether loaded or unloaded, operable or inoperable, designed for discharging a shot capable of causing death or serious physical injury[.]

Kinnish concedes that a pellet pistol is a dangerous instrument.[2] Kinnish contends, however, that it does not follow from this premise that a pellet pistol is a firearm. In Kinnish's view, a pellet pistol does not constitute a firearm because the use of the word "discharge" in the definition requires that the shot be propelled from the weapon through some sort of explosive means. Kinnish points out that both the legal and standard dictionary definitions of "firearm"[3] and the definitions adopted in other jurisdictions[4] are consistent with this view. Kinnish further contends that the rule of strict construction of penal statutes supports this interpretation.

The state contends that it is not necessary to look to the definition found in the dictionary and other jurisdictions because the Alaska Legislature has specified that a pistol "designed for discharging a shot capable of causing death or serious physical injury" qualifies as a firearm. The state points out that a requirement that a shot be propelled from the weapon through the use of gunpowder or some other explosive means is conspicuously absent from the definition. The state urges this court to look to the dictionary definition of "discharge"[5] which likewise does not include any such requirement.

Although we believe the state's argument is plausible, we adopt the definition urged by Kinnish. We have reviewed the legislative history accompanying the enactment of both AS 11.81.900(b)(21) and the Alaska statutes which include a reference to "firearm." *See* AS 11.46.130(a)(2) (theft in the second degree); AS 11.46.300(a)(2)(A) (burglary in the first degree); AS 11.56.-310(a)(2) (escape in the second degree); AS 11.61.200 (misconduct involving weapons in the first degree); AS 11.61.210 (misconduct

---

**2.** Alaska Statute 11.81.900(b)(11) defines a dangerous instrument as:

[A]ny deadly weapon or anything which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is capable of causing death or serious physical injury[.]

**3.** Black's Law Dictionary 570 (5th ed. 1979), defines "firearm" as follows:

An instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within it. A weapon which acts by force of gunpowder.

Webster's Third New International Dictionary 854 (Merriam 1963), defines "firearm" as follows:

A weapon from which a shot is discharged by gunpowder[.]

**4.** Kinnish cites to three cases. In *Commonwealth v. Lowary,* 463 Pa. 408, 345 A.2d 170, 171 (1975) and in *State v. Lawr,* 263 N.W.2d 747 (Iowa 1978), the courts adopted the dictionary definition of firearm because the legislature had failed to define the term. In *Thompson v. State,* 488 P.2d 944, 946–48 (Okla.Crim.App.1971), the court held that a weapon must discharge a shot by an explosive force such as gunpowder to qualify as a firearm. The court noted that such a requirement was consistent with both the legislature's definition and the definitions adopted in other jurisdictions.

**5.** The definition from Webster's New Collegiate Dictionary 322 (1980) states that the meaning of "discharge" is "to shoot (an arrow) ... to go off: fire (used of a gun)." The definition from Webster's New World Dictionary 401 (2d college ed. 1980) is similar: "to release the charge of (a gun); ... to shoot (a projectile) ... to fire; go off: said of a gun, etc."

involving weapons in the second degree); AS 11.61.220 (misconduct involving weapons in the third degree). We find no specific discussion in any of the commentaries to these provisions regarding whether the definition of firearm includes a pellet pistol. We have also considered the tentative draft of the Revised Alaska Criminal Code and its commentary. It is equally silent regarding what type of weapon qualifies as a firearm. We are therefore left in substantial doubt as to the Alaska Legislature's intentions regarding whether a pellet pistol qualifies as a firearm.

Our research reveals, however, that nearly every jurisdiction that has considered the issue has adopted the definition of "firearm" urged by Kinnish. *See, e.g., State v. Medeiros,* 665 P.2d 181, 185 (Haw. App.1983); *State v. Lawr,* 263 N.W.2d 747, 749–50 (Iowa 1978); *State v. Fowler,* 238 Kan. 213, 708 P.2d 539, 542 (1985); *Schmit v. Guidry,* 204 So.2d 646, 648 (La.App. 1967); *Douglas v. State,* 37 Md.App. 557, 378 A.2d 189 (1977); *State v. Beaudette,* 124 N.H. 579, 474 A.2d 1012, 1014 (1984); *State v. Seng,* 89 N.J.Super. 58, 213 A.2d 515, 517 (L.Div.1965), *rev'd,* 91 N.J.Super. 50, 219 A.2d 185 (App.Div.1966); *People v. Schmidt,* 221 A.D. 77, 222 N.Y.S. 647, 649 (1927); *State v. Gray,* 20 Ohio App.3d 318, 486 N.E.2d 159, 160 (1984); *Thompson v. State,* 488 P.2d 944, 947–48 (Okla.Crim. App.1971); *Commonwealth v. Lowary,* 463 Pa. 408, 345 A.2d 170 (1975). As Kinnish points out, both the standard and legal dictionary definitions of "firearm" are consistent with the definitions adopted in these jurisdictions.

The principle of *expressio unius est exclusio alterius* requires that in a statutory scheme, the exclusion or absence of a thing or person is to be inferred from the inclusion or specification of a thing or person. *See Sprague v. State,* 590 P.2d 410, 415

(Alaska 1979). The statute expressly includes "pistol, revolver, rifle or shotgun." All of the dictionary definitions of these weapons refer to them as "firearms." [6] Black's Law Dictionary defines a firearm as a "weapon which acts by force of gunpowder." *See, supra,* note 3. Thus, all of the weapons expressly included in the statute are weapons which act by the force of gunpowder. Because these are the only weapons specifically included in the statute, it is reasonable to infer that the legislature only intended to include within the statute those weapons that act by the force of gunpowder. It would follow that the legislature did not intend to have the statute prohibit the possession of a pellet pistol because a pellet pistol does not act by the force of gunpowder.

We have previously held that ambiguities in penal statutes must be narrowly read and construed strictly against the government. *Dailey v. State,* 675 P.2d 657 (Alaska App.1984); 3 C. Sands, *Sutherland Statutory Construction* § 59.04, at 13 (4th ed. 1974). Because it is unclear whether the Alaska Legislature intended to include a pellet pistol under the definition of firearm found in AS 11.81.900(b)(21), we must construe the statute strictly against the state. Applying this rule of statutory interpretation, we conclude that a pellet pistol, which operates by the use of compressed air, does not qualify as a firearm because the weapon does not propel a shot through some sort of explosive means.

Accordingly, the conviction is REVERSED.

---

**6.** Webster's Third New International Dictionary (Merriam 1963) defines pistol as "a short firearm intended to be aimed and fired with one hand," *id.* at 1724; revolver as "a handgun having a cylinder of several chambers that are brought successively into line with the barrel and discharged with the same hammer," *id.* at 1945; handgun as "a firearm held and fired with one hand," *id.* at 1027; rifle as "a firearm having a rifled bore and intended to be fired from the shoulder," *id.* at 1954; and shotgun as "an often double-barreled smoothbore shoulder weapon for firing shot at short ranges," *id.* at 2104 (shot is defined as "of, relating to, or used with firearms shot," *id.*).