572 A.2d 773

**COMMONWEALTH of Pennsylvania**

v.

**Shawn Odell MELVIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 26, 1990.

Filed April 2, 1990.

226

Shelley Stark, Public Defender, Pittsburgh, for appellant.

James R. Gilmore, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before ROWLEY, OLSZEWSKI and TAMILIA, JJ.

TAMILIA, Judge:

Appellant was found guilty by the court on September 20, 1988 of robbery,[1] theft,[2] two counts of unlawful restraint,[3]

1. 18 Pa.C.S. § 3701(a)(1)(ii).
2. 18 Pa.C.S. § 3921.
3. 18 Pa.C.S. § 2902(1).

two counts of simple assault[4] and escape.[5]   On August 23, 1989, he was sentenced to five to ten years imprisonment for robbery, pursuant to the Mandatory Sentencing Act, 42 Pa.C.S. § 9712 *et seq.*   As to the remaining convictions, the court sentenced appellant to no further penalties.   He raises four issues: 1) whether the evidence was sufficient to prove unlawful restraint; 2) whether the court erred in not informing appellant of his right to speak prior to sentencing; 3) whether the evidence was sufficient to prove robbery; and 4) whether the evidence was sufficient to establish the applicability of 42 Pa.C.S. § 9712.

The evidence from trial showed that on the night of April 9, 1988, at approximately 12:00 a.m., appellant approached a car with two males inside, Richard Hallick and Gary Ianuale, stuck a sawed-off shotgun in the driver's side window and told them to get out of the car.   They did so and started to walk away but appellant ran after them and ordered them to get back in the car.   Apparently, appellant could not drive the car because it was a stick-shift and he needed Mr. Ianuale to drive.   They drove around town while appellant ranted and raved about a "Rick" who supposedly shot at him and whom appellant now wanted to kill.   The three men drove by a bar where two girls were standing and appellant asked them where "Rick" was.   The girls replied, "Shawn, the cops are right over there," and appellant ordered Mr. Ianuale to drive away.   He refused to continue driving so appellant grabbed the keys and fled on foot down an alleyway.   Soon thereafter, the state troopers brought appellant to Mr. Hallick for identification and he was positively identified.   The shotgun used by appellant was never found by police.

4.   18 Pa.C.S. § 2701(a).

5.   18 Pa.C.S. § 5121(a).   Appellant challenges his conviction of escape in a separate appeal, *Commonwealth v. Melvin* (J–S10029/90, No. 01435 Pittsburgh, 1989).

Appellant first argues the Commonwealth failed to prove the gun was loaded, therefore he cannot be guilty of unlawful restraint as it was not proven the victims were exposed to a risk of serious bodily injury. Although this specific issue was not raised in post-trial motions or briefed for the court, the larger issue of whether the Commonwealth proved appellant actually possessed a shotgun was raised, therefore we find this issue is not waived and we will address it on the merits.

The relevant statute provides as follows:

**§ 2902. Unlawful restraint**

A person commits a misdemeanor of the first degree if he knowingly:

(1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury; or

(2) holds another in condition of involuntary servitude.
18 Pa.C.S. § 2902.

Appellant was charged under section (1) of the statute and he cites *Commonwealth v. Schilling,* 288 Pa.Super. 359, 431 A.2d 1088 (1981), to support his position. In *Schilling,* the defendant used a pellet gun or air pistol to force his victim to perform oral sex and he was subsequently charged with unlawful restraint, among other things. The defendant argued he could not be convicted under section (1) of the statute as the Commonwealth failed to prove he exposed his victim to serious bodily injury. We said:

In [*Commonwealth v. Trowbridge,* 261 Pa.Super. 109, 395 A.2d 1337 (1978)], this Court noted that with respect to the crime of recklessly endangering another person that mere apparent ability to inflict harm is not enough to support a conviction for this crime. It was held that an actual danger of harm must be shown. Although *Trowbridge* did not deal with the same crime we have here, it is important with respect to the fact that the Commonwealth had to prove an actual danger of serious bodily injury with regard to the pointing of an *air rifle.* In *Trowbridge* we held that the Commonwealth must prove

either that the gun was loaded or that the surrounding circumstances were inherently dangerous in order to sufficiently show an actual danger in serious bodily injury.

*Id.*, 288 Pa.Superior Ct. at 367, 431 A.2d at 1092 (emphasis in original).

■ Appellant only refers to one part of the analysis, i.e. whether the gun was loaded, which admittedly was not proven by the Commonwealth. It is no small distinction, however, that appellant in the instant case did not use an air gun but a sawed-off shotgun which is inherently more dangerous. Moreover, we find the second part of the analysis has been met in that appellant subjected his two victims to circumstances which were inherently dangerous. Forcing Mr. Ianuale to drive a car at gunpoint to hunt down a man named Rick, who earlier had shot at appellant, was sufficient proof of inherently dangerous circumstances showing appellant had placed the victims in danger of serious bodily harm.

Appellant argues, in his second issue, he was never told by the trial court of his right to speak to the court prior to sentencing and was denied this opportunity, not only by the court but by his counsel who failed to call the court's attention to this omission. As a result, he claims the case must be remanded for resentencing under the mandates of Pa.R.Crim.P. 1405 and the Supreme Court's interpretive decision, *Commonwealth v. Thomas*, 520 Pa. 206, 553 A.2d 918 (1989). We are constrained to agree.

Pa.R.Crim.P. 1405(a) provides as follows:

**Rule 1405. Sentencing Proceeding**

At the time of sentencing, the judge shall:

(a) afford the defendant the opportunity to make a statement in his own behalf and afford counsel for both parties an opportunity to present argument and information relative to sentencing[.]

The Supreme Court has interpreted this rule to mean that the court must inform the defendant he has a right to speak prior to being sentenced.

Since a trial judge will not know in most cases whether a defendant is aware of his right to address the court prior to sentencing, but Rule 1405 requires the court to afford the defendant an opportunity to speak, we understand Rule 1405 to require the trial court to inform the defendant of his right to speak prior to sentencing. The trial court in this case did not so inform the defendant, and the case, therefore, must be remanded for resentencing at which time the court will inform the defendant of his right to speak and will hear the defendant, should he choose to speak, prior to reimposition of sentence.

*Thomas, supra* at 209, 553 A.2d at 919.[6]

██ In the instant case, the court called appellant and his counsel forward, appellant was sworn and the court asked, "Is there anything to be said before the court pronounces sentence?" Counsel replied, "Yes, Your Honor," and proceeded to argue on behalf of appellant. No one, however, informed the appellant he could address the court or asked him if he had anything he wanted to say (S.T., 8/23/89, pp. 2–6). Accordingly, we remand for resentencing at which time appellant will be informed of his right to speak and the court will resentence appellant upon hearing his statement, if any.

██ In the face of a mandatory sentence as here, it might be argued that nothing the appellant could say would effect the outcome, as the court has no alternative to imposing the mandatory sentence, when the evidence mandates a finding that requirements of such a sentence have been met. We cannot, however, apply the rule randomly just because in this instance only the mandatory minimum sentence was entered. There is no restriction on the right of allocution and from such an exchange, information other than already has been obtained in the sentencing reports and statements of counsel might be conveyed to the court

6. The Supreme Court specifically stated their ruling would not be applied retroactively. *Thomas* was decided on February 1, 1989 and appellant was sentenced on August 23, 1989, therefore, *Thomas* applies to the instant case.

so as to elicit directions and requests for means of effecting the sentence. It is an opportunity for the defendant to face the court "man to man," without intermediaries or filtered exchanges. Such an opportunity is inherent and desirable in our form of individualized justice, and unless restricted by the Supreme Court at a future date, we feel compelled to retain it under these circumstances.

■■■■ Appellant's third contention is the testimony offered by the Commonwealth was replete with inconsistencies and unexplainable gaps, therefore, the conviction for robbery cannot stand. The trial court stated that three different witnesses at trial testified to seeing appellant with a sawed-off shotgun during the commission of the offense and the court found this testimony was credible. "In a bench trial it is the duty of the trial judge to judge credibility of the witnesses and to weigh their testimony." *Weir by Gasper v. Estate of Ciao*, 521 Pa. 491, 503, 556 A.2d 819, 824 (1989). Unless the judge has clearly abused his discretion or committed an error of law, we will not reverse his decision. *Id.* Finding no abuse of discretion or error of law, we reject appellant's contention.

Finally, appellant argues the evidence was insufficient to establish the applicability of 42 Pa.C.S. § 9712 as the Commonwealth failed to prove he visibly possessed a *firearm* as such is defined in the statute.

The pertinent sections of the statute are as follows: **§ 9712. Sentences for offenses committed with firearms**

**(a) Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa. C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commis-

sion of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

**(b) Proof at sentencing.**—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

.  .  .  .  .

**(e) Definition of firearm.**—As used in this section "firearm" means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein.

42 Pa.C.S. § 9712(a), (b) and (e).

■ Appellant appears to argue that expert testimony is required to prove the weapon he carried was actually a "firearm." *See* Brief for Appellant, p. 14. The courts have never held that such testimony is necessary, however, and testimony by lay witnesses has always been sufficient. Where witnesses testify the weapon "looked like", "felt like", "sounded like" or "was like" a firearm, it is sufficient proof by a preponderance of the evidence that the defendant possessed a firearm as defined in the statute. *Commonwealth v. Bond,* 362 Pa.Super. 48, 523 A.2d 768 (1987).

The witnesses in the instant case testified appellant had a sawed-off shotgun with only one barrel. *See* N.T., 9/20/88, pp. 7, 14, 22. This was sufficient proof that appellant possessed a "firearm" and was appropriately sentenced under 42 Pa.C.S. § 9712.

Judgment of sentence vacated; case remanded for resentencing consistent with this Opinion.