J-A04016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.N., III, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 380 MDA 2024 |

Appeal from the Dispositional Order Entered December 19, 2023
In the Court of Common Pleas of Dauphin County Juvenile Division at
No(s):  CP-22-JV-0000603-2022

BEFORE:  LAZARUS, P.J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:            **FILED JULY 15, 2025**

Appellant D.N. III, a minor, appeals from the dispositional order adjudicating him delinquent of unlawful restraint, simple assault, hazing, and conspiracy to commit involuntary deviate sexual intercourse (IDSI).  On appeal, Appellant challenges the sufficiency of the evidence.  After careful review, we affirm in part and vacate in part, dismissing the Commonwealth's amended petition alleging delinquency as it relates to the hazing charge.

The trial court set forth the following factual and procedural history:

> The instant matter arises out of an incident involving N.K. (Victim), a sophomore member of the Middletown High School football team.  On the afternoon of August 11, 2022, Victim and other members of the football team, including Appellant, were spending some time in Middletown High School's "turf room" between practices.  Victim recalled that after sitting around the turf room for a while, some of the players began an initiation process by "going around getting whoever they could."  According to the testimony of Victim, as well as video evidence presented by the Commonwealth, Victim was sitting along one of the walls of

the turf room when some of the players dragged him to the center of the turf room. As Appellant and several other team members took Victim to the ground and held down his arms and legs, another member of the team shoved the bullet-shaped tip of a vibrating massage gun between Victim's buttocks. That teammate then repeatedly moved the vibrating tip of the massage gun up and down along the crease of Victim's buttocks. Victim was screaming throughout the incident, while the other players were yelling around him. Victim recounted the incident as uncomfortable, strange, and humiliating, and he "just wanted it to stop." Victim testified that he attempted to break free but was unable to do so because Appellant was much larger and stronger than him. Victim explained that the instigators of the incident were upperclassmen, and some of them were captains of the football team.

Immediately following the incident, which lasted 45 seconds, Victim rolled onto his stomach, held onto his behind, and stood up. Victim explained that he tried to "play it off" and "act like it's okay and it's fine" because it was happening to everybody else, and he didn't want to appear like an "odd man out." Victim and the other players returned to football practice after the incident.

On the morning of August 12, 2022, Middletown High School's principal, Christopher Sattele, received a video of the previous day's turf room incident from an anonymous parent. After reviewing the video, Sattele was able to identify several of the players involved. Sattele conferred with the athletic director, assistant principal, and superintendent, who all advised Sattele that he would be responsible for investigating the incident. To this end, he called the involved football players, including Appellant and Victim, to the principal's office. He questioned each player individually and requested that they produce a written statement. Sattele emphasized to the players that these types of incidents are the kind that can result in firings and cancellations of football seasons. Based on his conversation with the students and his review of the video, Sattele contacted the Lower Swatara Police Department and contacted Childline to notify them that in his opinion, the incident amounted to sexual assault and hazing.

Following an initial statement to Principal Sattele, Victim subsequently spoke with detectives as well as individuals from the Children's Advocacy Center (CAC). On August 12, 2022, Victim spoke with Ryan Leshko, a detective with the Lower Swatara Township Police Department. Based upon his review of the video

of the incident, Detective Leshko believed that Victim was minimizing the incident and was reluctant to relay the facts when speaking with him. Subsequently, on August 26, 2022, Victim appeared for an interview at the CAC. This interview was then synopsized by John O'Connor, a detective with Dauphin County Criminal Investigations. Detective O'Connor then called Victim's mother to speak with her about the interview. Victim, who was participating in the call via his mother's speakerphone, conveyed to Detective O'Connor that he had not been entirely forthcoming about the incident in prior interviews and that he was hesitant to disclose everything because he thought the perpetrators were his friends.

In testifying at trial, Victim again conceded that he minimized and downplayed the incident in his initial conversations with investigators, and he explained that he did so for three reasons. First, he explained that the initiation happened to multiple people, and he did not want to be "different" and be the one to speak out or say anything about it. Second, he explained that there was much talk about the future of the football season, and he did not want to say anything that would further jeopardize the football season. Third, he stated that he looked up to the players who performed the initiation, as they were upperclassmen while he was a sophomore. Victim testified that he initially thought he was defending people he looked up to and who cared about him, but once he realized that they only cared about themselves, he decided it was in his interest to be more open and forthcoming about what had happened to him.

Trial Ct. Op., 5/17/24, at 2-4 (citations omitted and some formatting altered).

On January 4, 2023, the Commonwealth filed a petition of delinquency alleging the following offenses: unlawful restraint, simple assault, and hazing.[1] The Commonwealth subsequently amended its petition on June 14, 2023 to include a charge of conspiracy to commit IDSI.[2]

---

[1] 18 Pa.C.S. §§ 2902(a)(1), 2701(a)(1), and 2802(a)(1), respectively.

[2] 18 Pa.C.S. §§ 903, 3123(a)(1).

The trial court held an adjudication of delinquency hearing on September 15, 2023. Following the hearing, the trial court adjudicated Appellant delinquent of criminal conspiracy to commit IDSI, unlawful restraint, simple assault, and hazing. The trial court placed Appellant on probation until further order of the trial court on December 19, 2023. Appellant filed a timely notice of appeal on January 18, 2024. Both Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issues, which we have reordered as follows:

1. Whether the honorable trial court erred in adjudicating Appellant delinquent on the charge of criminal conspiracy to [commit] involuntary deviate sexual intercourse when the Commonwealth's amended petition alleging delinquency did not charge conspiracy, but rather, charged the principal charge of involuntary deviate sexual intercourse pursuant to 18 Pa.C.S. § 3123(a)(1)?

2. Whether the Commonwealth failed to establish beyond a reasonable doubt sufficient evidence of each and every element of (a) involuntary deviate sexual intercourse; (b) unlawful restraint (felony gradation); (c) simple assault; and (d) hazing. Specifically:

   a. Whether the Commonwealth failed to prove that Appellant had sexual intercourse with [Victim] or penetrated [Victim's] anus ever so slightly with a physical object not part of Appellant's body? Further, whether the Commonwealth proved that Appellant subjected [Victim] to forcible compulsion?

   b. Whether the Commonwealth failed to prove that Appellant unlawfully restrained [Victim] in circumstances that exposed [Victim] to the risk of serious bodily injury, specifically any physical injury that creates a substantial risk of death or that causes

- 4 -

serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member organ?

c. Whether the Commonwealth failed to prove that Appellant either caused or took a substantial step in causing bodily injury to [Victim]?

d. Whether the Commonwealth failed to prove that Appellant's alleged physical interaction with [Victim] was for the purpose of initiating, admitting or affiliating [Victim] into an organization or for the purpose of continuing or enhancing [Victim's] membership or status in an organization? Further, whether the Commonwealth failed to prove that Appellant forced [Victim] to violate federal or state criminal law during the course of the physical interaction as pursuant to the charged offense codified at 18 Pa.C.S. § 2802(a)(1)?

Appellant's Brief at 5-6 (some formatting altered).

In his first issue, Appellant argues that the trial court erred when it adjudicated Appellant delinquent of conspiracy to commit IDSI when the Commonwealth's amended petition alleging delinquency only charged Appellant with IDSI. Appellant's Brief at 40. Appellant argues that his right to due process was violated because he was not given sufficient notice of the conspiracy charge, which impaired his ability to defend himself. *Id.* at 41. Appellant further argues that he cannot be adjudicated delinquent for an act that was not included on the petition alleging delinquency. *Id.*

Initially, we note that although our research has not yielded any instances in which an appellate court has addressed a defect in a petition alleging delinquency, it is well settled that the purpose of a petition alleging delinquency in juvenile court is the functional equivalent of a criminal bill of information for adult defendants. *Compare* Pa.R.J.C.P. 330(c) (setting forth

- 5 -

the contents of a petition alleging delinquency) *with* Pa.R.Crim.P. 560(B) (setting forth the contents for a criminal bill of information). Accordingly, we find our appellate courts' jurisprudence regarding defects in bills of information to be instructive in the instant case.

This Court has recognized that the purpose of a bill of information is to provide a criminal defendant with formal, specific notice of the charged crimes. ***Commonwealth v. Nischan***, 928 A.2d 349, 356 (Pa. Super. 2007) (citing U.S. Const., amend. VI; Pa. Const., Art. I, § 9; ***Commonwealth v. Hatchin***, 709 A.2d 405, 408 (Pa. Super. 1998)). As noted by our Supreme Court, due process requires that a criminal defendant be entitled to a "sufficiently specific" notice of the charges filed against him or her, "to allow the defendant to prepare any available defenses should he [or she] exercise his [or her] right to a trial." ***Commonwealth v. Sims***, 919 A.2d 931, 939 (Pa. 2007) (citations omitted).

Our Supreme Court has held that a bill of information,

> is sufficient if it sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet, and may plead double jeopardy in a future prosecution based on the same set of events. ***Commonwealth v. Bell***, 516 A.2d 1172, 1177 (Pa. 1986); ***Commonwealth v. Ohle***, 470 A.2d 61, 73 (Pa. 1983); ***Russell v. United States***, 369 U.S. 749, 763 (1983); ***See*** Pa.R.Crim.P. 225(b).[3] This may be accomplished through use of the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended

---

[3] Former Pa.R.Crim.P. 225 was re-numbered to Rule 560, effective April 1, 2001.

to be punished." ***Hamling v. United States***, 418 U.S. 87, 117 (1974) (quoting ***United States v. Carll***, 105 U.S. 611, 612 (1882)).

***Commonwealth v. Alston***, 651 A.2d 1092, 1095-96 (Pa. 1994) (some formatting altered); ***see also Commonwealth v. Chambers***, 852 A.2d 1197, 1199-1200 (Pa. Super. 2004).

In the instant case, the Commonwealth's June 14, 2023 amended petition alleging delinquency included the following charge:

> **Description:**  Criminal Conspiracy Aiding – IDSI Forcible Compulsion
>
> \*    \*    \*
>
> [Appellant] conspired and/or aided other students to engage in deviate sexual intercourse with N.K. by forcible compulsion or by threat of forcible compulsion, that would prevent resistance by a person of reasonable resolution, and/or did take a substantial step toward committing the offense charged, in violation of Section 3123(a)(1) and (a)(2) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. § 3123(a)(1) & (a)(2), as amended.

Commonwealth's Amended Petition Alleging Delinquency, 6/14/23, at 2.

Upon review of the Commonwealth's petition, we note that the pre-printed box for "conspiracy" was not checked, nor were the boxes for any other inchoate crimes. ***See id.*** The record further reflects that the trial court adjudicated Appellant delinquent of, *inter alia*, conspiracy to commit IDSI. ***See*** Adjudicatory/Dispositional Hearing Order, 9/15/23.

On this record, we cannot conclude that Appellant was denied due process, nor can we conclude that Appellant's ability to defend himself was

compromised by the Commonwealth's defective petition alleging delinquency. *See Sims*, 919 A.2d at 939. Indeed, the Commonwealth's petition alleges that Appellant "conspired and/or aided other students to engage in," IDSI. Commonwealth's Amended Petition Alleging Delinquency, 6/14/23, at 2. We find that this language is sufficiently similar to Section 903(a) of the Crimes Code, which defines criminal conspiracy. *See* 18 Pa.C.S. § 903(a) (defining conspiracy as either an agreement with one or more persons to engage in conduct that either constitutes a crime or a solicitation or attempt to engage in criminal conduct, or an agreement with one or more persons to in the planning or commission of a crime or a solicitation or attempt to commit a crime). Accordingly, Appellant is not entitled to relief.

It is with this disposition in mind that we address Appellant's remaining issue, which is a challenge to the sufficiency of the evidence presented at the delinquency hearing. Appellant contends that the Commonwealth failed to establish beyond a reasonable doubt that Appellant committed IDSI, unlawful restraint, simple assault, and hazing. Appellant's Brief at 25-39.

Appellant first alleges that the Commonwealth failed to establish the elements of IDSI beyond a reasonable doubt. *See id.* at 25-32. This claim is belied by the record. As noted in detail above, the Commonwealth alleged that Appellant was delinquent of **conspiracy to commit** IDSI; at no point did the Commonwealth allege that Appellant was delinquent of the underlying crime of IDSI. *See* Commonwealth's Amended Petition Alleging Delinquency, 6/14/23, at 2; *see also* Trial Ct. Adjudicatory/Dispositional Hearing Order,

9/15/23, at 3 (adjudicating Appellant delinquent of conspiracy to commit IDSI). Because Appellant has alleged that the Commonwealth failed to establish the elements of the offense of IDSI for which he was not charged nor adjudicated delinquent, we conclude that this claim is waived on appeal.[4]

For Appellant's remaining sufficiency-of-the-evidence challenges, we employ the following standard of review:

> In reviewing the sufficiency of the evidence to support the adjudication below, we recognize that the Due Process Clause of the United States Constitution requires proof beyond a reasonable doubt at the adjudication stage when a juvenile is charged with an act which would constitute a crime if committed by an adult. Additionally, we recognize that in reviewing the sufficiency of the evidence to support the adjudication of delinquency, just as in reviewing the sufficiency of the evidence to sustain a conviction, though we review the entire record, we must view the evidence in the light most favorable to the Commonwealth.

*In re A.D.*, 771 A.2d 45, 48 (Pa. Super. 2001) (*en banc*) (citations and omitted and formatting altered). Additionally, this Court has explained that "[i]n a juvenile proceeding, the hearing judge sits as the finder of fact. The weight to be assigned the testimony of the witnesses is within the exclusive province of the fact finder. . . . [This Court], as an appellate court, will not substitute our judgment for that of the fact finder." *Id.* at 54 (citation omitted).

---

[4] No reading of Appellant's Rule 1925(b) statement or brief can be construed as a challenge to the sufficiency of the evidence of the delinquent adjudication for conspiracy to commit IDSI. At any rate, for the reasons set forth in the trial court's Rule 1925(a) opinion, we conclude that the Commonwealth presented sufficient evidence to justify an adjudication of delinquency for conspiracy to commit IDSI. *See* Trial Ct. Op. at 5-7.

Unlawful Restraint

Appellant contends that the Commonwealth failed to establish the elements of unlawful restraint beyond a reasonable doubt. Appellant's Brief at 32-35. Specifically, Appellant argues that the victim was never exposed to the risk of serious bodily injury. *Id.* at 35.

The Crimes Code defines unlawful restraint, in relevant part, as follows:

**(a) Offense defined.--**Except as provided under subsection (b) or (c), a person commits a misdemeanor of the first degree if he knowingly:

(1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury; or

(2) holds another in a condition of involuntary servitude.

**(b) Unlawful restraint of a minor where offender is not victim's parent.--**If the victim is a person under 18 years of age, a person who is not the victim's parent commits a felony of the second degree if he knowingly:

(1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury; or

(2) holds another in a condition of involuntary servitude.

18 Pa.C.S. § 2902(a)-(b).

As noted above, the element at issue concerns whether the victim was exposed to a risk of serious bodily injury. The Crimes Code defines serious bodily injury as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. §

2301. A recent panel of this Court summarized unlawful restraint in the context of exposing the victim to the risk of serious bodily injury as follows:

> [T]he Commonwealth must prove both that the defendant knowingly restrained the victim unlawfully and that defendant's conduct exposed the victim to an actual risk of serious bodily injury. 18 Pa.C.S. § 2902(a)(1); **Commonwealth v. Schilling**, 431 A.2d 1088, 1091-92 (Pa. Super. 1981). Absent proof of an actual danger of serious bodily injury, the evidence is insufficient to prove unlawful under the section of the statute at issue here. **Schilling**, 431 A.2d at 1092 (threatening the victim with an unloaded pellet gun in perpetrating a sexual assault was insufficient to support unlawful restraint conviction under Section 2902(a)(1) because the victim was not exposed to actual risk of serious bodily injury); **compare Commonwealth v. Melvin**, 572 A.2d 773, 774-75 (Pa. Super. 1990) (upholding unlawful restraint conviction under Section 2902(a)(1) because forcing a victim at gunpoint to drive in search of a person who had shot at the defendant earlier and whom the defendant wanted to kill exposed the victim to actual risk of serious bodily injury, even though there was no proof that the defendant's gun was loaded).

**Commonwealth v. Bishop**, 1697 MDA 2022, 2023 WL 6629728 at *5 (Pa. Super. filed Oct. 12, 2023) (unpublished mem.).[5]

Here, the trial court reached the following conclusion:

> In this matter, we maintain that the Commonwealth proved that Appellant's restraint of [the victim] exposed him to a risk of serious bodily injury. Appellant, who was much larger and stronger than [the victim], restrained [the victim] in a way that allowed for another individual to shove the vibrating, bullet-shaped head of a massage gun between [the victim's] buttocks and repeatedly move the massage gun up and down along the crease of [the victim's] buttocks. Given the bullet shape and vibrating action of the massage gun's head, and considering that the device was being utilized in a manner for which it was clearly

---

[5] We may cite to this Court's unpublished memoranda filed after May 1, 2019 for persuasive value. **See** Pa.R.A.P. 126(b).

not intended, we maintain that such misuse of the device placed [the victim at] risk for serious disfigurement, protracted loss, or impairment of the bodily organ in which it was improperly being placed. Taking this into consideration, [the trial court] did not err in adjudicating Appellant delinquent of unlawful restraint—risk of serious bodily injury.

Trial Ct. Op. at 8.

Following our review of the record, and viewing the evidence in the light most favorable to the Commonwealth, we conclude that the Commonwealth has proven the elements of unlawful restraint beyond a reasonable doubt. *See In re A.D.*, 771 A.2d at 48. Moreover, after viewing the evidence—including the video exhibits offered by the Commonwealth during the adjudication hearing, we agree with the trial court's finding that Appellant's restraint of the victim, along with the misuse of the massage gun placed the victim at risk of serious bodily injury as defined by our case law. *See Bishop*, 2023 WL 6629728 at *5; 18 Pa.C.S. § 2902(a)(1). Accordingly, Appellant is not entitled to relief on this claim.

## Simple Assault

Appellant next contends that the Commonwealth failed to produce sufficient evidence to warrant an adjudication of delinquency for simple assault. Appellant's Brief at 35-36. Specifically, Appellant argues that the Commonwealth failed to prove beyond a reasonable doubt that Appellant "caused or took a substantial step in causing bodily injury to [the victim]." *Id.* at 36.

Simple assault is defined by our Crimes Code as a person attempting to cause or intentionally, knowingly, or recklessly causing bodily injury to another. 18 Pa.C.S. § 2701(a)(1), **compare with** Commonwealth's Amended Petition Alleging Delinquency, 6/14/23, at 3; **see also Commonwealth v. Weitzel**, 304 A.3d 1219, 1225 (defining simple assault). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. This Court has held that, "[s]ubstantial pain may be inferred from the circumstances surrounding the physical force used." **Commonwealth v. Duck**, 171 A.3d 830, 836 (Pa. Super. 2017) (citation omitted). As this Court has further explained:

> Thus, injuries that are trivial in nature, noncriminal contact resulting from family stress and rivalries, or a customary part of modern day living do not satisfy this element. . . . We have held that an individual who aggressively grabs the arm of another and pushes her against [a] wall causes bodily injury, even though the victim did not require medical attention or miss work as a result and only sustained bruises that lasted a few days. We have likewise held that a punch to the face that broke the victim's glasses and caused pain for several days caused a bodily injury. Similarly, we have found that a deliberate punch with a closed fist resulting in slight swelling and pain was a bodily injury.

**Commonwealth v. Wroten**, 257 A.3d 734, 744 (Pa. Super. 2021) (citations omitted and formatting altered).

Here, the trial court reached the following conclusion:

> As stated above, Appellant held [the victim] down while another individual lodged the vibrating, bullet-shaped head of a massage gun between [the victim's] buttocks and repeatedly moved the device up and down along the crease of [the victim's] buttocks. Such a device is designed for targeted muscle therapy and is certainly not designed for use on a sensitive area of the body such

- 13 -

as the area between the buttocks. Furthermore, the video of the incident played by the Commonwealth at the hearing clearly established that [the victim] was screaming throughout the entire incident and was grasping his rear end once the contact with the massage gun had ceased. Taking these facts into consideration, we maintain that the Commonwealth presented sufficient evidence to show that Appellant took a significant step in causing, at a minimum, substantial pain to [the victim.]

Moreover, even assuming *arguendo* that Appellant's actions did not actually cause bodily injury, the circumstances surrounding Appellant's actions infer that he had a specific *intent* to cause bodily injury. Appellant restrained [the victim] in a way that allowed for another individual to shove the vibrating, bullet-shaped head of a massage gun between [the victim's] buttocks and repeatedly move the massage gun up and down along the crease of [the victim's] buttocks. Misuse of such a device on a sensitive body part for which it was clearly not intended certainly leads to an inference that Appellant had the specific intent to cause physical impairment or substantial pain to [the victim]. As a result, [the trial court] did not err in adjudicating Appellant delinquent of simple assault.

Trial Ct. Op. at 9-10 (emphasis in original; some formatting altered).

Based on our review of the record, we find that the Commonwealth has proven beyond a reasonable doubt that Appellant caused bodily injury to the victim. *See Wroten*, 257 A.3d at 744; *Duck*, 171 A.3d at 836. While the evidence does not reflect that the victim sustained a serious bodily injury, we nevertheless agree with the trial court's observations that the Commonwealth's video evidence depicted the victim screaming throughout the entire incident and clutching his rear-end after he was released and was no longer in contact with the massage gun. Accordingly, we find that the Commonwealth has sustained its burden of establishing that Appellant caused

the victim to experience bodily injury. *See* 18 Pa.C.S. § 2701(a)(1); ***Weitzel***, 304 A.3d at 1225. Appellant, therefore, is not entitled to relief.

Hazing

In his final sufficiency-of-the-evidence issue, Appellant contends that the Commonwealth failed to establish each element of hazing beyond a reasonable doubt. Appellant's Brief at 36-39. Specifically, Appellant alleges that the Commonwealth failed to prove that Appellant "forced [the victim] to violate federal or state criminal law during the course of the physical interaction" as required by Section 2802(a)(1). ***Id.*** at 38.

Section 2802(a)(1) of the Crimes Code states:

> A person commits the offense of hazing if the person intentionally, knowingly or recklessly, for the purpose of initiating, admitting or affiliating a minor or student into or with an organization, or for the purpose of continuing or enhancing a minor or student's membership or status in an organization, **causes, coerces or forces a minor or student to do any of the following**:
>
> (1) Violate Federal or State criminal law.

18 Pa.C.S. § 2802(a)(1) (emphasis added); ***see also*** Commonwealth's Amended Petition Alleging Delinquency, 6/14/23, at 4.

In its amended petition alleging delinquency, the Commonwealth charged Appellant under Section 2802(a)(1) and included the following description of the hazing allegation:

> [Appellant] did intentionally, knowingly or recklessly, for the purpose of initiating a minor or student into or with an organization, for the purpose or continuing or enhancing a minor or student membership or status in an organization. In violation of Section 2802 of the Pennsylvania Crimes Code.

- 15 -

Commonwealth's Amended Petition Alleging Delinquency, 6/14/23, at 4.

Both the trial court in its Rule 1925(a) opinion and the Commonwealth suggest that the Commonwealth presented sufficient evidence to warrant an adjudication of delinquency under 18 Pa.C.S. §§ 2802 (a)(4), (5), and (6). *See* Trial Ct. Op. at 11-13; Commonwealth's Brief at 15-16.

Following our review of the record, it is clear that the Commonwealth charged Appellant under Section 2802(a)(1), and did not include any charges or factual allegations relating to subsections (a)(4), (5), or (6).[6] *See* Commonwealth's Amended Petition Alleging Delinquency, 6/14/23, at 4.

The record reflects that at the conclusion of the hearing, counsel for Appellant referenced the fact that the Commonwealth only charged Appellant with hazing under Section 2802(a)(1). *See* N.T. Hr'g, 9/15/23, at 138-39, 149-50. Although the Commonwealth appeared to acknowledge this during its closing argument, the Commonwealth did not make any further amendments to the petition to include any Section 2802 offense other than (a)(1), either orally or in writing. *See id.* at 148; Pa.R.J.C.P. 334 (governing amendment of petitions alleging delinquency).

Further, the Commonwealth did not present any evidence to establish that Appellant caused, coerced, or forced **the victim** to commit any act in

---

[6] We emphasize that the description of the charge included in the Commonwealth's amended petition does not mirror the language of any of the subsections under Section 2802 of the Crimes Code. Additionally, as noted previously, the amended petition only refers to Section 2802(a)(1) and does not include any additional subsections.

violation of state or federal law, as required by Section 2802(a)(1).[7] Therefore, we cannot affirm the adjudication of delinquency for hazing, as the Commonwealth failed to file a petition of delinquency under the appropriate subsection and failed to provide an adequate description of the offense. *See Sims*, 919 A.2d at 939; *Chambers*, 852 A.2d at 1199-1200.

Therefore, we vacate the adjudication of delinquency and dismiss the petition alleging delinquency as it pertains to the hazing offense and we affirm the adjudications of delinquency for unlawful restraint, simple assault, and conspiracy to commit involuntary deviate sexual intercourse (IDSI).

Dispositional order affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/15/2025

---

[7] We note that although a juvenile can be adjudicated for a lesser included offense that has not been charged, subsections (a)(4), (5), and (6) contain distinct elements and are not lesser included offenses of (a)(1). *See generally Commonwealth v. Houck*, 102 A.3d 443, 449-50 (Pa. Super. 2014).